**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 8, 2021[*]
Decided November 9, 2021

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-1303

| | |
|---|---|
| LADONESTY FOWLKES, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 19-CV-1648 |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, *Defendant-Appellee*. | William E. Duffin, *Magistrate Judge*. |

**O R D E R**

Ladonesty Fowlkes applied for supplemental security income, asserting a disability based on chronic back and shoulder pain. But his sworn testimony and medical records contradicted that assertion. He appeals the district court's judgment upholding the administrative law judge's denial of benefits. Because the ALJ's ruling that Fowlkes was not disabled is supported by substantial evidence, we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Fowlkes contends that since 2013 he has been unable to maintain substantial employment because of back and shoulder pain. His medical records show that he complained of back pain then, and X-rays confirmed mild degeneration in his lower back. He underwent two surgeries on his shoulders, and his doctors prescribed opioid treatment and physical therapy. Medical records give conflicting reports on how Fowlkes responded to treatment. Some report that he had limited motion and tenderness, as well as some constipation from the opioids. Others report normal motion, no tenderness, and no adverse effects. In 2016, after he applied for benefits, his primary doctor, Soliven Bautista, wrote that "chronic pain" rendered Fowlkes "incapable" of "even 'low stress' jobs." But Fowlkes told his medical providers that his pain medicine managed his symptoms. He was able to work at acting jobs, albeit earning only minimal income, and his travel—to visit family and to pursue the acting roles—kept him so busy that he discontinued physical therapy. He could also play basketball and bowl, though sports yielded some new pain. In 2016, two agency consultants assessed that the minimal degeneration in Fowlkes's spine permitted him to handle light work with restrictions in his posture. His medical records from 2017 and 2018 note a normal range of motion in his spine, no tenderness in the musculoskeletal system, normal back strength, and an ability to walk with a steady gait. At points during that period Fowlkes denied having any back pain, muscle aches, joint pain, stiffness, or muscle twitching.

After reviewing this evidence and following the familiar five-step analysis, 20 C.F.R. § 416.920, the ALJ found that Fowlkes was not disabled. He was not engaged in substantial gainful activity (step one), and had severe impairments from bilateral shoulder repairs, and mild cervical and lumbar disc disease (step two). These, however, did not meet or equal an impairment that would have made Fowlkes presumptively disabled (step three). The ALJ assessed that Fowlkes had the residual capacity for some light work, reasoning that Fowlkes's assertions of pain were refuted by his medical records, his testimony about his activities, the efficacy of his opioid therapy, and the medical consultants' opinions. Because objective medical reports did not support Dr. Bautista's opinion that Fowlkes was totally disabled, the ALJ did not credit it. After determining that Fowlkes had no past relevant work (step four), the ALJ found that the national economy had a significant number of jobs that Fowlkes, with his limitations, could still perform, such as hand packager, labeler, or inserter (step five).

The district court, with a magistrate judge presiding by consent, upheld the ALJ's decision. In denying relief, the court was not swayed by Fowlkes's submission of a

then-recent, two-sentence letter from Dr. Bautista asserting that Fowlkes was "currently unable to work due to a chronic medical condition."

On appeal, Fowlkes argues that the ALJ wrongly denied him benefits. We will, however, uphold that ruling if it is supported by substantial evidence, 42 U.S.C. § 405(g), which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). We do not reweigh the evidence or resolve conflicts in it. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). Under this deferential standard, we will "reverse only if the record 'compels' a contrary result." *Borovsky v. Holder*, 612 F.3d 917, 921 (7th Cir. 2010) (citation omitted).

Fowlkes first argues that, in deciding whether he was disabled, the ALJ erred by not considering adverse side effects of his opioid treatment. But the record shows that the ALJ did so when he relied on objective medical records. *See* 20 C.F.R. § 416.921. As the ALJ noted, the medical records confirmed that Fowlkes faced no adverse side effects from opioids, except an occasional report of constipation, which Fowlkes does not say was disabling. Rather, Fowlkes consistently told medical providers the opioid treatment helped him. Thus, substantial evidence defeats this argument.

Second, Fowlkes contests how the ALJ evaluated his residual capacity to work, but substantial evidence supports the ALJ's decision. To begin, Fowlkes objects to the ALJ's reliance on the medical consultants' opinions, rather than that from Dr. Bautista. But the ALJ need not give a treating physician's assessment controlling weight if it conflicts with other substantial evidence. 20 C.F.R. § 416.927(c)(2), (4); *Karr v. Saul*, 989 F.3d 508, 512 (7th Cir. 2021). That occurred here: Dr. Bautista's opinion that Fowlkes could not work conflicted with his contemporaneous observations about Fowlkes's mobility and with other records corroborating normal movement. Fowlkes next argues that Dr. Bautista's letter to the district court that Fowlkes could not work requires a remand. But that letter contained no new assertions, so it was properly ignored. *See* 42 U.S.C. § 405(g). Fowlkes also contends that the ALJ placed undue weight on his acting roles. But when assessing his residual capacity, the ALJ rightly considered, among other evidence, Fowlkes's mobility as reflected in those activities. *See* 20 C.F.R. § 416.945(a). Also, the ALJ did not treat those roles as gainful employment, given that he found that Fowlkes was not employed. Finally, Fowlkes argues his opioid medicine may affect his ability to drive a car and to operate a forklift. But the jobs that the ALJ determined were available to him (like hand packager) do not require those activities.

We can readily dispatch Fowlkes's remaining arguments. He questions the ALJ's reliance on a vocational expert, but he fails to identify any specific flaws in that expert's report, and he did not object to the vocational expert at the time of the hearing. So any objections are waived as undeveloped. *See Griffin v. TeamCare*, 909 F.3d 842, 846 (7th Cir. 2018). Fowlkes also maintains that the ALJ did not write a clear enough decision. But as we have recounted, the decision reflects a thorough review of the evidence and explanation of how the ALJ weighed it. The ALJ also connected that evidence to his legal conclusion with a "logical bridge," as we require. *See Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015).

We have considered Fowlkes's remaining arguments, and none has merit.

AFFIRMED